**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ARTHUR MAURICE MEINEKE, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-2827 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner, Arthur Maurice Meineke, Jr., seeks habeas corpus relief under 28 U.S.C. § 2254. For the reasons discussed below, the court finds that this is a successive petition filed without the necessary authorization from the Court of Appeals. As a result, this court lacks jurisdiction and the petition is dismissed, without prejudice.

**I.     Background**

Meineke was convicted of arson. (Cause Number 950498, 232nd Judicial District Court of Harris County, Texas.) On November 9, 2007, Meineke filed a federal petition for a writ of habeas corpus, Civil Action Number 4:07-3810, collaterally attacking his arson conviction. On March 31, 2008, the federal court denied Meineke's claims and entered judgment against him based on the statute of limitations.

Meineke filed this federal petition on September 9, 2008. He challenges the same arson conviction. Meineke asserts actual innocence; denial of due process; void indictment; void enhancement allegation; double jeopardy; legal and factual insufficiency of the

evidence; and ineffective assistance of counsel. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 7-8 11-13).

## II. Discussion

The issue of whether a habeas corpus petition is successive may be raised by the district court on its own. *Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). A federal district court dismissed Meineke's earlier federal petition, Civil Action Number 4:07-3810, because it was filed too late. In federal court, a dismissal based on the statute of limitations is a final adjudication on the merits. *See Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 880 F.2d 818, 819-20 (5th Cir. 1989); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003); *Parker v. Dinwiddie,* 2007 WL 4290003 (10th Cir. 2007).

This court lacks jurisdiction to consider Meineke's present petition because it is a "successive" petition. The Fifth Circuit must authorize the district court to consider the application before Meineke files it in the district court.

The statute states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (1998). There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Meineke's successive application. This court lacks jurisdiction to consider Meineke's habeas claims

## III. Conclusion

Meineke's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed without prejudice for lack of jurisdiction. All remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484). Meineke has not made the necessary showing. Accordingly, a certificate of appealability is denied.

SIGNED on September 30, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge